IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AL HAKEEM MUHAMMAD, II, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-0511-G-BK |
| | § | |
| LARRY COFFMAN, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

On February 24, 2016, Plaintiff, a resident of Irving, Texas, filed a *pro se* complaint against Larry Coffman, Argent & Mortgage Company LLC, and Mark W Keeling. Doc. 3 at 1. In his amended complaint, he asserts that his signature was forged by the Defendants in order to obtain a default judgment and title to a house that his parents owned when he was still a child. Doc. 7 at 1. In response to the order requiring him to explain the basis for this Court's subject matter jurisdiction over his claims, Plaintiff simply reiterates his forgery claim and asserts the Defendant's conduct amounted to fraud. Doc. 11 at 1-3. He summarizes the relevant facts as follows:

> Estranged family members originally stole this property from the plaintiff and his family in 2005 via paper work fraud; when the discrepancy was discovered the plaintiff took action to recovery. Having been influenced by such an act and having a low opinion of the intellect of the plaintiff, the defendant has carried out a similar act of fraud.

> We the plaintiff, do not understand when we tell someone that they are a recipient of stolen property, why they would try to utilize a court system to 'protect their interests'; they received stolen property. We're coming after the property, as simple as that. We're simply requesting our property back and possibly damages, now. If this matter isn't settled here, we are relentless and will continue seek justice.

Doc. 11 at 3.

A review of the attachments to the original complaint and Plaintiff's response to the Court's briefing order reflects that the disputed property is located in Oklahoma City, Oklahoma, Doc. 3 at 2, 4; Doc. 11 at 5-7, and that a *Warranty Deed* granting the property to Rahmana Warren was filed in Oklahoma County in July 2005. Doc. 11 at 7. In 2014, Plaintiff also filed a *Petition for Forcible Entry and Detainer* against Defendant Coffman, Doc. 3 at 4-5, but the action was subsequently dismissed for failure to appear. *See Al Hakeem Muhammad v. Larry Coffman*, SC-2014-9438 (Oklahoma Cty, Okla., May 27, 2014) (docket sheet available on Westlaw).

## II. ANALYSIS

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. RULE CIV. PROC. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, Plaintiff has not alleged facts that could be construed to state a cognizable claim.

Here, assuming diversity jurisdiction in light of Plaintiff's *pro se* status,[1] Plaintiff's claims are subject to summary dismissal. *See* 28 U.S.C. § 1915(e)(2)(B) (providing for screening of *in forma pauperis* actions). That statute provides for *sua sponte* dismissal of a claim if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

### A. Plaintiff's federal law claims fail

Despite the notation on the Civil Cover Sheet, Doc. 3 at 6 ¶ IV, the amended complaint does not assert a Racketeer Influenced and Corrupt Organization (RICO) claim. Furthermore, insofar as Plaintiff attempts to sue Defendants for federal criminal law violations, specifically mail and wire fraud, Doc. 11 at 2, his claims lack a legal basis. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must

---

[1] Because, as discussed in detail infra, Plaintiff has not alleged a legally cognizable federal claim, this Court's subject matter jurisdiction must lie in the diversity of the parties. Plaintiff's pleadings do not allege the parties are citizens of different states, Doc. 3 at 1; Doc. 8 at 1; Doc. 11 at 1-4; however, the civil cover sheet notes that the "County of Residence of the First Listed Defendant" is "Oklahoma," Doc. 3 at 6. And, in response to the Court's questionnaire, Plaintiff states that two of the Defendants reside in Oklahoma. Doc. 13 at 1-2. He also claims damages of $750,000, although he does not offer the basis for that calculation.

3

be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Plaintiff has not met that burden here.

### B. Plaintiff's state law claims are also deficient

Even when liberally construed, Plaintiff's fraud and forgery allegations fail to state a claim on which relief can be granted. *See Pogo Producing Co. v. Moore*, No. H-06-2432, 2006 WL 3484279, at *6 (S.D. Tex. Nov. 30, 2006) (a claim based upon an alleged forgery of deeds is fundamentally a claim for fraud), *aff'd sub nom. Pogo Producing Co., LLC v. Moore*, 267 Fed. Appx. 345 (5th Cir. 2008). Plaintiff's conclusory allegations do not satisfy Rule 9(b)'s requirement to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). *See also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (Rule 9(b) requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.") (quotations and quoted case omitted).

In any event, Plaintiff's fraud/forgery claims are barred by the four-year statute of limitations. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.004(a)(4) (West 2016); *Newby v. Enron Corp.,* 542 F.3d 463, 468 (5th Cir. 2008); *see also Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (in *in forma pauperis* actions, the court "may raise the defense of limitations *sua sponte* . . . [and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." ) (quotations and quoted case

4

omitted). Plaintiff maintains the alleged fraud and forgery occurred in 2005 when he was still a minor. So the deadline for filing suit was 2011, since he did not turn 18 years of age until 2007.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(a) (West 2016) ("a person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."). However, Plaintiff did not file his original complaint until February 2016. Accordingly, Plaintiff's fraud and forgery claims fail to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570; *Jones v. Bock*, 549 U.S. 199, 215 (2007) (when the allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

## III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009). Here, Plaintiff's federal and state claims are fatally infirm. Thus, granting leave to amend would be futile and cause needless delay.

[2] The Presentence Investigation Report (PSR) in *United States v. Muhammad*, No. 3:15-CR-168-M (N.D. Tex. Oct. 16, 2015), reflects Plaintiff was born in 1989. Crim. Doc. 31-1 at 2

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's claims be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief can be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and that this case be **CLOSED**.

**SIGNED** June 16, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE